IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEPHANIE D. VAUGHN,<br><br>        **Plaintiff,**<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>        **Defendant.** | 1:16-cv-01107-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendant Aetna Life Insurance Company's ("Aetna") Motion to Dismiss Plaintiff's Complaint and to Strike Plaintiff's Jury Demand [2] and Partial Motion to Dismiss Count II of Plaintiff's First Amended Complaint for Breach of Fiduciary Duties [11]. Also before the Court is Plaintiff Stephanie D. Vaughn's ("Vaughn") Motion for Leave to Add a Party [6].

**I.    BACKGROUND**

    A.    <u>Facts</u>

Vaughn is the daughter of James Sheffield ("Sheffield"), deceased, and the named beneficiary of Sheffield's life insurance. ([8] ¶¶ 4, 8). At the time of his death on October 24, 2012, Sheffield was an employee of Lafarge North America

Inc. ("Lafarge"), and he participated in a life insurance policy plan ("the Plan") sponsored and administered by Lafarge. (Id. ¶¶ 6-7). Sheffield was, at the time of his death, on approved disability. (Id. ¶ 6).

The Plan was a part of Sheffield's employment benefit package and was issued by Aetna. (Id. ¶ 7). Sheffield continuously carried the life insurance and made premium contributions until his death. (Id.). According to the annual personal benefits information as of July 5, 2011, Sheffield had both basic and supplemental life-insurance coverage with total coverage amounts of $330,000.

After Sheffield's death, Aetna furnished Vaughn with Sheffield's basic life-insurance benefits of $130,000, but denied her claim as to his supplemental life-insurance benefits of $200,000 because of the lack of medical evidence to support a permanent and total disability. (Id. ¶ 9).

Vaughn's Complaint alleges that Sheffield "had cardiovascular disease," which caused "angina and mental atrophy" and "other documented debilitating and incapacitating physical and mental conditions[,] which caused him to leave his employment on August 6, 2010." (Id. ¶ 10). The Complaint alleges that Sheffield was "permanently and totally disabled" under the Plan. (Id.).

2

B.  Procedural History

On March 11, 2016, Vaughn filed her original Complaint alleging breach of contract and other state law claims arising under a contract of supplemental life insurance. On April 5, 2016, Aetna removed, to this Court, the action filed in the State Court of Fulton County. ([1]). On April 6, 2016, Aetna moved to dismiss the original Complaint and to strike Plaintiff's jury demand because the Plan was issued under the Employee Retirement Income Security Act of 1974 ("ERISA") and thus is governed by ERISA. ([2]).

On May 5, 2016, Vaughn filed her First Amended Complaint ("Complaint") to conform with the requirements of ERISA and requested leave to add Lafarge as a party. ([6], [8]). The Complaint alleges that Aetna failed to pay Vaughn supplemental life-insurance benefits under the ERISA plan (Count I) and that Aetna and Lafarge breached their fiduciary duties (Count II). ([8] at 5, 7). On May 23, 2016, Aetna moved to dismiss Count II of Vaughn's Complaint. ([11]).

## II. DISCUSSION

A.  Aetna's Motion to Dismiss Plaintiff's Original Complaint and to Strike Plaintiff's Jury Demand

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to file one amended complaint as a matter of course, if the amended complaint is filed

3

either within twenty-one (21) days of service of the original complaint or within twenty-one (21) days of the defendant's filing of a responsive pleading or Rule 12 motion to dismiss.  Fed. R. Civ. P. 15(a)(1).  Amended complaints outside of these time limits may be filed only "with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff's First Amended Complaint was filed as a matter of course under Rule 15.  Plaintiff's First Amended Complaint thus "supersedes" the previous complaint and "becomes the operative pleading in the case."  Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007).  Aetna's Motion to Dismiss Plaintiff's Complaint and to Strike Plaintiff's Jury Demand [2] is denied as moot.

  B. Aetna's Motion to Dismiss Count II

    1. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences."  Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010).  Although reasonable inferences are made in the plaintiff's favor,

"'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

2. <u>Discussion</u>

Under ERISA § 502(a)(1)(B) (codified at 29 U.S.C. § 1132(a)(1)(B)), a beneficiary in a plan governed by ERISA can sue in federal court "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Under a separate ERISA subsection, § 502(a)(3) (codified at 29 U.S.C. § 1132(a)(3)), a beneficiary can "obtain other appropriate equitable relief" for breach of fiduciary duty. <u>Id.</u> § 1132(a)(3). These two distinct ERISA subsections are aimed at redressing separate violations, and a claim properly brought under one cannot proceed alternatively under the other. <u>See, e.g.</u>, <u>Jones v. Am. Gen. Life & Acc. Ins. Co.</u>, 370 F.3d 1065, 1073-74 (11th Cir. 2004) (holding § 1132(a)(3) claim is properly dismissed where the supporting allegations were sufficient to state a cause of action under § 1132(a)(1)(B), "regardless of the relief sought, and irrespective of the [plaintiffs'] allegations supporting their other claims"); <u>Katz v. Comprehensive Plan of Grp. Ins.</u>, 197 F.3d 1084, 1088-89 (11th Cir. 1999) (holding an ERISA plaintiff with an adequate remedy under § 1132(a)(1)(B) could not alternatively plead and proceed under § 1132(a)(3)).

Aetna asserts that Plaintiff "would have an adequate remedy under Count I for 'Plan Benefits' and ERISA Section 502(a)(1)(B)," so Vaughn "cannot

simultaneously maintain a claim under Section 502(a)(3) in Count II for 'Breach of Fiduciary Duties' for the same denial of supplemental life insurance benefits." ([11.1 at 2). Although Vaughn's Complaint does not specify the subsections she is bringing her claims under, she acknowledges that she "cannot seek equitable relief under § 501(a)(1)(B) plan benefits and § 501(a)(3) breach of fiduciary duties [based on the same allegations]." ([13] at 7). Vaughn, in her brief in opposition to Aetna's motion, asserts for the first time that Aetna breached its fiduciary duties when "Aetna took advantage of the decedent's incapacity and terminated his benefits."[1] (Id. at 12). Vaughn's attempt to assert that there are separate factual bases for each claim is not supported by the facts pled in her Complaint. Even assuming the alleged improper termination of her father's disability benefits was properly pled, Plaintiff would have an adequate remedy under § 502(a)(1)(B) based on Aetna's alleged denial of plan benefit. Plaintiff's claim for breach of fiduciary duties (Count II) is dismissed.

---

[1] Vaughn asserts that she is not alleging that Aetna breach its fiduciary duties in denying her claim for benefits. (Id. at 8).

    C.    <u>Motion to Add Party</u>

In her motion to add Lafarge as a defendant, Plaintiff seeks to assert against Lafarge a claim for breach of fiduciary duty. Vaughn, however, does not assert allegations sufficient to cure the deficiencies in her breach-of-fiduciary-duties claim discussed in Section B above. Accordingly, Plaintiff's motion to add a party [6] is denied because the amendment would be futile.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Aetna's Motion to Dismiss Plaintiff's Complaint and to Strike Plaintiff's Jury Demand [2] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Aetna's Partial Motion to Dismiss Count II of Plaintiff's First Amended Complaint for Breach of Fiduciary Duties [11] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Stephanie D. Vaughn's Motion for Leave to Add a Party [6] is **DENIED**.

**SO ORDERED** this 27th day of February, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE